Hat, Judge,
delivered the opinion of the court:
After the preliminary negotiations the plaintiff on August 24, 1918, entered into an agreement in writing with the United States whereby it agreed to manufacture 32,000 telescopic musket sights at $38 each, or for the entire number of sights the sum of $1,216,000.
Before any of these articles were completed the armistice between this country and Germany occurred, and on December 12, 1918, before any of said articles were completed, the United States directed the plaintiff to suspend further operations under the contract, except such as should be necessary to complete delivery of 9,216 sights. On January 2, 1919, before any of the said articles were completed, the United States, by a letter to the plaintiff, directed it. to completely suspend all operations under the contract. The letter stated the request to suspend was made with a view to the negotiation of a supplemental contract providing for the cancellation, settlement, and adjustment of the existing contract between the parties. On August 14, 1919, after negotiations between the parties, they entered into a settlement contract in writing, whereby the United States agreed to pay the plaintiff the sum of $88,000, and the contract contained an averment that the United States was due and owing to the plaintiff the sum of $117,343.79, which included the said sum of $88,000. The United States then paid and the plaintiff accepted the said sum of $88,000. But the plaintiff claimed that there was a larger sum due it than the $117,343.79 which the United States admitted was due.
The plaintiff thereupon executed the contract aforesaid, in which it agreed to waive all rights to prospective profits if it could secure forthwith reimbursement of a portion of the expenditures and obligations necessarily incurred by it in the performance of the incompleted portion of the contract of August 24,1918, and provision for the speedy determination and payment of the various items of reimbursement and remuneration which are set forth in the contract and are to be found in Finding X.
*824 The plaintiff undertook negotiations with the United States whereby it sought to show that there was owing to it a larger sum than the sum of $117,343.79. These negotiations finally culminated in an offer by the Secretary of War to pay to the plaintiff the sum of $17,372.43, which, in addition to the sum of $88,000 already paid to the plaintiff, was to be in full satisfaction of all claims against the United States. This offer the plaintiff declined, and brought this suit.
The plaintiff claims that the settlement "contract was breached by the United States because it says that the United States did not make a speedy determination and payment of the amount due the plaintiff as provided for in the contract. But the evidence shows that the United States was ready upon the execution of the contract to pay the plaintiff the sum of $117,343.79, and did pay the plaintiff $88,000 thereof; the plaintiff thereupon filed claims aggregating-over $168,000, and the parties continued to negotiate in an endeavor to arrive at an agreement as to the true amount due under the terms of the settlement contract. It can not be said that an honest effort to arrive at an agreement constitutes a breach of contract. If the negotiations were long drawn out that is not the fault of either party, and neither one of them can be held to have breached the contract by reason of delay in arriving at a settlement.
The plaintiff was unwilling to accept payment of the amount which the United States admitted was due it, and now brings this suit, not only for what it claims to be due under the settlement contract but also for prospective profits which it waived when it executed the settlement contract, and for expenses incurred by it before the execution of the original contract of August 24, 1918. Those expenses were incurred by- plaintiff with the express understanding that they would be undertaken by the plaintiff at its own expense, and with the assertion by it that its initial cost would be absorbed in the purchase price.
The plaintiff voluntarily signed the settlement contract; it has received money, $88,000, under it, and must abide by its terms. Whatever loss it has incurred was brought about by the armistice; it took the chance that the war might come to an end at any time; that its contract might be terminated at *825 any time; and that it would stand to lose the profits which it Avas preparing to realize. Under the original contract no articles Avere completed, the United States received no benefit from the contract, and it is only bound to pay for services, performed and for preparations made to perform the contract ; and this principle the plaintiff agreed to when it executed the settlement contract. The court will not set aside a contract into which the parties entered with full knowledge of all its provisions unless there has been some fraud or illegality in the case. The plaintiff can not noAv be heard to assert claims Avhich it has voluntarily waived.
A judgment will be entered in favor of the plaintiff for $29,343.79, which sum the United States admit to be due it.
DoavNet, Judge; Booth, Judge; and Campbell, Chief Justice, concur.
Graham, Judge, took no part in this decision: